Matter of Ward (Commissioner of Labor) (2022 NY Slip Op 03428)





Matter of Ward (Commissioner of Labor)


2022 NY Slip Op 03428


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

533727
[*1]In the Matter of the Claim of Andre Ward, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Andre Ward, Schenectady, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 2020, which ruled, among other things, that claimant was ineligible to receive pandemic unemployment assistance.
Claimant filed an original claim for unemployment insurance benefits effective May 18, 2020. In a series of determinations, the claim was denied upon the grounds that claimant did not have a valid original claim for regular unemployment insurance benefits, and was ineligible for pandemic unemployment assistance pursuant to the federal Coronavirus Aid, Relief, and Economic Security Act (see 15 USC § 9021, as added by Pub L 116-136, 134 Stat 313). Following a hearing, the denial was upheld by an Administrative Law Judge. The Unemployment Insurance Appeal Board affirmed, and claimant appeals.
We affirm. At the hearing, claimant conceded that he had no earnings in the base period or the alternate base period and, thus, he could not file a valid original claim for, and was not entitled to, regular unemployment insurance benefits (see Labor Law § 527). The only disputed issue was claimant's entitlement to pandemic unemployment assistance, which was made available to covered individuals for "weeks of unemployment, partial unemployment, or inability to work caused by COVID-19" beginning in January 2020 (15 USC § 9021 [c] [1] [A]). A covered individual is defined, in relevant part, as a person who is ineligible "for regular compensation or extended benefits under [s]tate or [f]ederal law or pandemic emergency unemployment compensation under [15 USC §] 9025" and who, despite being otherwise able and available to work, is unable or unavailable to do so because of one or more specified factors relating to the COVID-19 pandemic (15 USC § 9021 [a] [3] [A]; see Matter of Mangiero [Commissioner of Labor], 197 AD3d 1458, 1459 [2021], lv denied 38 NY3d 901 [2022]).
Claimant contended that he was unable to work because one of the qualifying factors for pandemic unemployment assistance applied, namely, that he "was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency" (15 USC 9021 [a] [3] [A] [ii] [1] [gg] [emphasis added]). However, claimant testified that he started work for the employer on May 19, 2020 and worked for four days, and was suspended on May 22, 2022 because he could not pass the required background check. Specifically, the background check disclosed an outstanding out-of-state criminal warrant which claimant attempted, but was unable, to resolve because the court system in that state was closed to nonemergency matters during the early days of the COVID-19 pandemic. As the Board found, claimant in fact started employment and was thereafter discharged solely due to his inability to pass the background check because of the warrant, which was unrelated to the pandemic. Although claimant's inability to resolve the warrant was attributable to COVID-19-related [*2]limited court operations, the Board rationally concluded that his inability to continue working was due to the outstanding warrant and that his employment was not rescinded as a "direct result of" the COVID-19 pandemic within the meaning of subchapter II of the Coronavirus Economic Stabilization Act (15 USC § 9021 [a] [3] [A] [ii] [1] [gg]).
The Board's interpretation is consistent with guidance from the United States Department of Labor — the federal agency tasked with providing operating instructions for the joint federal-state pandemic unemployment insurance program (see 15 USC § 9032 [b]; Matter of Mangiero [Commissioner of Labor], 197 AD3d at 1459). We take judicial notice of that guidance, which directs that, to qualify under this provision, the person must have been "scheduled to commence employment," but the employer "rescinded the job offer as a direct result of the COVID-19 public health emergency" (United States Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 16—20, Attachment I, at I—5, https://wdr.
doleta.gov/directives/attach/UIPL/UIPL_16-20_Attachment_1.pdf). Accordingly, we discern no basis upon which to disturb the Board's conclusion that claimant did not qualify under that provision.
Aarons, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.